```
                                                                    FILED
         IN THE UNITED STATES DISTRICT COURT                    01 OCT 16 AM 11:14
          FOR THE NORTHERN DISTRICT OF ALABAMA                   U.S. DISTRICT COURT
                    SOUTHERN DIVISION                            N.D. OF ALABAMA
```

CHRISTINE CANTRELL,

    Plaintiff,

vs.                        CASE NO. CV-00-J-3617-S

UNITED STATES OF AMERICA,

    Defendant.                             **ENTERED**

## MEMORANDUM OPINION

OCT 1 6 2001

    Pending before the court is the defendant's motion for summary judgment (doc. 9), memorandum and evidence in support thereof (doc. 10), to which the plaintiff filed a response (doc. 11), and the defendant thereafter submitted a reply. The court has reviewed the pleadings, briefs and evidence submitted in support of and in opposition to the motion for summary judgment.

    This case was brought under 28 U.S.C. §1346(b)(1), which gives this court jurisdiction over the plaintiff's claim for benefits from the Department of Veteran Affairs ("VA"). The plaintiff asserts that the decedent's demise was caused by negligent medical treatment he received from the VA in that the VA failed to diagnose rectal cancer and failed to provide appropriate post-operative care. Complaint at ¶ 5. Due to these failures, the decedent became sick and died. *Id.* at ¶ 5.

    The defendant asserts that the plaintiff's claim fails as a matter of law because the plaintiff has no objective evidence that the care received was negligent. Defendant memorandum at ¶¶ 3, 5. Defendant also submits that the plaintiff has no evidence of lost



earnings, losses due to medical expenses and no medical or vocational expert evidence of disability. *Id.* at ¶¶ 6-8. This argument is based on the plaintiff's failure to respond to outstanding requests for admissions within thirty days, as required by Rule 36, Federal Rules of Civil Procedure. Under that rule, a "matter is admitted, unless, within 30 days after service of the request, or within such shorter or longer time as court may allow ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney." Rule 36(a), Fed.R.Civ.P. "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b), Fed.R.Civ.P.

The plaintiff responded to the defendant's motion by asserting that this court entered an order extending the time for completion of discovery and submission of expert reports. Plaintiff's response at ¶ 2. The court finds that the plaintiff's motion for an extension of time (doc.7) requested that the court "enter an Order extending the time for Rule 26 expert reports and completion of discovery for 45 days." Order of September 20, 2001 (doc. 8). The plaintiff did not request additional time to submit responses to requests for admissions, nor did this court intuit that the plaintiff was actually requesting such relief. These requests for admission were first served on the on the plaintiff on May 10, 2001. The same discovery was again served on the plaintiff on July 25, 2001. By the time the plaintiff's motion of September 19, 2001 was filed, these requests were already deemed admitted under Rule 36(a), Fed.R.Civ.P. Therefore, the court's September 30, 2001 Order could not have given

the plaintiff further time to respond to the requests for admissions, especially since the plaintiff did not request this relief.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P.56(e). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the non-moving party for a

reasonable jury to return a verdict in its favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Even in the light most favorable to the non-moving party, the court finds that plaintiff has submitted no evidence to establish any genuine issue of material fact exists. In response to the defendant's motion, the plaintiff submits only her discovery responses. Even if the responses to the requests for admissions were deemed timely, nothing in them creates a genuine issue of material fact for trial. Similarly, even if the plaintiff had submitted signed interrogatories, nothing in these responses establishes a material dispute concerning the quality of care the plaintiff received at the VA.[1]

Because this court must take the requests for admissions as admitted, the court finds that the plaintiff has admitted and agreed that the only time period of concern to the claim of medical negligence is from January 7, 1997 through January 24, 1997. Defendant's request no. 2. The plaintiff admitted that she has no objective evidence of medical negligence for his care and treatment for this time period. Defendant's request no. 3. Plaintiff declined an examination on March 18, 1997. Defendant's request no. 4. No medical expert to date has stated that the plaintiff's medical care and treatment during this time period was substandard. Defendant's request no. 5. Plaintiff has no evidence of lost earnings or losses due to medical expenses. Defendant's request nos. 6 and 7. The plaintiff also admitted that she has no economic losses as a result of the alleged negligence.

---

[1] The plaintiff cannot create a material fact by merely alleging that his care was substandard. The plaintiff's obligation under Rule 56(e), Fed.R.Civ.P. was to submit evidence of her claim.

Defendant's request no. 9. Even if this court accepted the unsigned answers to interrogatories as evidence, nothing contained therein creates a genuine issue of material fact.[2] *See* plaintiff's responses to defendant's combined discovery, attached to plaintiff's response.

Under Rule 56(e), Fed.R.Civ.P., the plaintiff had an affirmative duty to submit "by affidavits or as otherwise provided in this rule ... specific facts showing that there is a genuine issue for trial." This court must render judgment in favor of the defendant if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact...." Rule 56(c), Fed.R.Civ.P.

The plaintiff has failed to present any evidence to this court which supports her claim.[3] As such, the defendant is entitled to judgment as a matter of law. Therefore, the Court **GRANTS** the defendant's motion for summary judgment. This case is **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

**DONE** and **ORDERED** this the __16__ day of October, 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[2]Rule 33(b)(1), Fed.R.Civ.P. unequivocally states that each interrogatory "shall be answered separately and fully in writing under oath, unless it is objected to, in which case the objecting party shall state the reasons for objection ..." Additionally, the rule makes clear that "[t]he answers are to be signed by the person making them, and the objections signed by the person making them." Rule 33(b)(2), Fed.R.Civ.P.

[3]The plaintiff also did not take advantage of Rule 56(f), Fed.R.Civ.P., to allow time to obtain evidence to establish that a genuine issue of material fact exists.